OPINION OF THE COURT
Thomas Feinman, J.
Relief Requested
The plaintiffs move, by way of order to show cause, for an order (1) granting plaintiffs a temporary restraining order and preliminary injunctive relief enjoining the defendants from implementing or enforcing Tax Law § 480-a (2) (a) (ii) (as amended by L 2009, ch 58, part C, § 125 [approved Apr. 7, 2009, deemed eff Apr. 1, 2009]), which provision modifies the fee structures of the statute; (2) allowing plaintiffs and their members and others so similarly situated to submit for processing to the New York State Department of Taxation and Finance form DTF-719-MN, more particularly described as a Renewal Application for Registration of Retail Dealers and Vending Machines for Sales of Cigarettes and Tobacco Products, in a format as used by the New York State Department of Taxation and Finance for the registration period January 1, 2009 through December 31, 2009 which required the registration application fee of $100 per store location, in contrast with the sliding scale registration application fees as sought to be imposed under Tax Law § 480-a (2) (a) (ii); and (3) that the New York State Department of Taxation and Finance during the pendency of this action shall process the aforesaid renewal application form DTF-719-MN upon receipt thereof with the $100 registration application fee and issue the appropriate retail dealers certificates and vending machine certificates for the sale of cigarettes and tobacco products to the respective applicant so as to allow each such registrant the ability to sell tobacco products in New York State during the pendency of this action.
On September 16, 2009 the parties appeared before this court and consented to allow the plaintiffs and their members, and others similarly situated, to submit for processing New York State Department of Taxation and Finance form DTF-719-MN, described as a Renewal Application for Registration of Retail Dealers and Vending Machines for Sales of Cigarettes and Tobacco Products, together with the registration application fee *916 of $100 so as to allow plaintiffs and their members, and others similarly situated, to maintain the status quo of their registration to sell tobacco products until a determination of the instant application.
The plaintiffs submit a memorandum of law in support of their motion seeking a temporary restraining order and preliminary injunction. The defendants cross-move for an order pursuant to CPLR 3211 (a) (7) dismissing this proceeding for failure to state a cause of action. The plaintiffs submit opposition to the defendants’ cross motion and a reply memorandum of law in further support of plaintiffs’ motion for a preliminary injunction. The defendants submit a reply memorandum of law.
Background
The plaintiffs are comprised of five trade associations that collectively represent approximately 10,000 members. The members are comprised of retail fuel and food businesses which own and operate neighborhood mini-marts, convenience stores and gas stations.
Prior to April of 2009 retailers were required to pay a $100 flat registration fee for the sale of retail tobacco products. In April of 2009 the State Legislature amended Tax Law § 480-a (2) (a) (ii) based on the gross sales of all products at a location on the following graduated scale:
“one thousand dollars for each retail place of business with gross sales totaling less than one million dollars; two thousand five hundred dollars for each retail place of business with gross sales totaling at least one million dollars but less than ten million dollars; and five thousand dollars for each retail place of business with gross sales totaling at least ten million dollars.”
The plaintiffs commenced this action pursuant to CPLR 3001 seeking a declaratory judgment that the new registration fee as set forth (Tax Law § 480-a [2] [a] [ii], as amended by L 2009, ch 58, part C, § 125 [known as the Health Care Improvement Act]) is an unconstitutional tax pursuant to the equal protection and due process provisions of the Fourteenth Amendment to the US Constitution, and article I, §§ 6 and 11 of the New York State Constitution.
Plaintiffs also seek a temporary restraining order (TRO) and preliminary injunction to stay the implementation of the amended statute pending a determination by this court regarding its constitutionality.
*917 The plaintiffs claim that the amended statute would have a negative impact on retail tobacco dealers, whereby the plaintiffs’ members in this action will be directly impacted if 40% of tobacco dealers are forced out of the tobacco business, as the tobacco products are vital since they draw customers and secondary retail value. Plaintiffs assert that the loss of tobacco products would lead to a closing down of many stores, corresponding to the loss of thousands of jobs.
Plaintiffs provide that there are two bills filed by members of the Legislature, one in the Assembly (A8817), and one in the Senate (S6083), seeking to “roll back” the registration fee to $200 per location. As of date, these two bills are pending in committee. The sponsor of these bills, by way of memorandum in support of the “roll back” of the registration fee, provides, essentially, that the purpose of the fee is to maintain a registry of retail tobacco dealers for taxation and enforcement purposes, and not to generate extra revenue for the state budget, or penalize tax collecting businesses for selling tobacco to adult customers.
The plaintiffs first argue that the tobacco retail registration fee is a disguised tax because it bears no reasonable relationship to the administration of the regulated program. The plaintiffs then argue that the tobacco retailer registration fee is an unconstitutional tax in violation of the equal protection provisions of the Fourteenth Amendment to the US Constitution and article I, § 11 of the New York State Constitution. Essentially, the plaintiffs submit that there is no rational relationship between the increase in the registration fee and improvements of the delivery of quality medical care, as referenced by the purported legislative intent, as any purported availability of funds has done nothing to improve health care in the past. Plaintiffs claim that the “rational basis” provision, as amended under the provisions of Tax Law § 480-a (2) (a) (ii), has no plausible rationale and must be declared unconstitutional. Plaintiffs assert that the revised registration fee violates their right to equal protection under the law. The plaintiffs also argue that the tobacco retailer registration fee is an unconstitutional tax in violation of the due process provisions of the Fourteenth Amendment to the US Constitution and article I, § 6 of the New York State Constitution. Plaintiffs submit that they have met the requirements for a TRO and preliminary injunction.
The defendants, by way of cross motion, first argue that the plaintiffs lack standing. The defendants also submit that *918 plaintiffs’ complaint contains legal conclusions, rather than allegations, including “irrational,” “arbitrary” and “wrongful.” The defendants contend that the amendment at issue is a hybrid, included in the Tax Law, akin to a regulation, nevertheless, will be upheld as it is reasonable. The defendants submit, essentially, that plaintiffs’ equal protection claims are meritless as the fee certainly withstands a rational basis review, and the plaintiffs have not made any showing that the Legislature, in enacting the revised fee, intended any discrimination. Additionally, the defendants contend that plaintiffs’ due process claims are meritless, and the plaintiffs have no basis upon which to name the Governor or the Attorney General as defendants. Finally, the defendants submit that there is an inadequate showing for preliminary injunctive relief and declaratory relief.
Discussion
This court will first address the threshold issue as to whether the plaintiffs have standing to bring this action. As provided in Saratoga County Chamber of Commerce v Pataki (100 NY2d 801, 812 [2003]), “[s]landing to sue is critical to the proper functioning of the judicial system. It is a threshold issue.” “Whether a person seeking relief is a proper party to request an adjudication is an aspect of justiciability which, when challenged, must be considered at the outset of any litigation.” (Society of Plastics Indus, v County of Suffolk, 77 NY2d 761, 769 [1991].) Three requirements in determining standing of an association or organization to challenge administrative action are whether one or more of its members would have standing to sue, whether its interests are germane to plaintiff’s purpose, and that neither asserted claim nor appropriate relief requires participation by individual members. (Id.)
“[A]n organizational plaintiff must demonstrate a harmful effect on at least one of its members; it must show that ‘the interests it asserts are germane to its purposes so as to satisfy the court that it is an appropriate representative of those interests;’ and it must establish that the case would not require the participation of individual members.” (Rudder v Pataki, 93 NY2d 273, 278 [1999], quoting Society of Plastics Indus. v County of Suffolk at 775.)
Tenuous and ephemeral harm is insufficient to trigger judicial intervention. (Id.) “Without an allegation of injury-in-fact, plaintiffs’ assertions are little more than an attempt to legislate through the courts.” (Id. at 280.)
*919 At issue here is whether the plaintiffs have demonstrated a harmful effect on at least one of their members, and whether the plaintiffs have established that the action herein would not require the participation of individual members.
As already provided, the plaintiffs herein are five trade associations that collectively represent approximately 10,000 members who are comprised of retail fuel and food businesses which own and operate neighborhood mini-marts, convenience stores and gas stations. James Calvin, president of plaintiff New York Association of Convenience Stores (NYACS), avers, in support of plaintiffs’ motion for a preliminary injunction, and in opposition to defendants’ cross motion to dismiss, that NYACS is a member-driven organization that advocates for a favorable environment for more than 7,000 of New York State’s diverse, dynamic community of neighborhood convenience stores. Mr. Calvin avers that NYACS, and the remaining four plaintiff associations, challenge, as a unified voice, the legislative and regulatory issues that are regarded as adversely impacting their members and that nearly all of the members represented by the plaintiffs sell tobacco products and are thus damaged by the new legislation.
Plaintiffs assert that the plaintiff trade associations represent more than 10,000 businesses impacted by the new tax imposed on tobacco retailers. While arguably, an individual retail store, one of its members, may be required to pay a larger fee, and arguably, “collectively,” the members may be required to pay a larger fee, there has been no showing of injury-in-fact to one of the plaintiff associations’ members, to any one single retail dealer, or that any one of its members would be forced to close down its business. The plaintiffs have not demonstrated, through competent admissible nonspeculative evidence, other than mere assertions, that one member would be harmed, or injured in fact. The plaintiffs have not put forward, or identified, one single retail member, or disclosed such member’s gross sales to indicate how the revised fee would force such member to close down its business. The potential injuries to a member of the various trade associations herein are speculative, and therefore insufficient to establish standing. (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207 [2004].) Accordingly, as the plaintiffs have not demonstrated a harmful effect on at least one of their members and that the action herein would not require the participation of individual members, the plaintiffs have failed to establish their standing to bring this proceeding.
*920 Conclusion
As the threshold issue as to whether the plaintiffs have standing to bring this action has been decided, this court need not address the defendants’ and the plaintiffs’ remaining contentions.
Accordingly, as the plaintiffs lack standing to bring this proceeding, the plaintiffs’ motion, by way of order to show cause, is denied without prejudice, and the defendants’ cross motion to dismiss is granted, without prejudice.