■ LONG ISLAND GASOLINE RETAILERS ASSOCIATION, INC., et al., Appellants, v DAVID A. PATERSON et al., Respondents. [920 NYS2d 718]—

In an action, inter alia, for a judgment declaring that the registration fee schedule as set forth in the April 2009 amendment to Tax Law § 480-a (2) (a) (L 2009, ch 58, part C, § 125) is

unconstitutional, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Feinman, J.), entered March 18, 2010, which denied their motion for a preliminary injunction and granted that branch of the defendants' cross motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint based upon lack of standing.

Ordered that the appeal is dismissed, without costs or disbursements.

In April 2009 the Legislature amended Tax Law § 480-a (2) (a) to require retailers of tobacco products to pay a registration fee on a graduated scale based upon the "gross sales" of all products at a particular retail location. Prior to the amendment in April 2009, Tax Law § 480-a (2) (a) had required such retailers to pay a $100 registration fee without consideration of the amount of tobacco products sold or their gross sales. The plaintiffs, consisting of not-for-profit associations representing various tobacco retailers, commenced this action, inter alia, seeking a judgment declaring that the registration fee schedule as set forth in the April 2009 amendment to Tax Law § 480-a (2) (a) was unconstitutional. Since Tax Law § 480-a (2) (a) was further amended in March 2011, retroactive to the date of the April 2009 amendment, to eliminate the graduated scale used to determine the appropriate registration fee (see Tax Law § 480-a [2] [a] [ii], as amended by L 2011, ch 61, part T, § 1), the issues raised on this appeal concerning the constitutionality of the April 2009 amendment to Tax Law § 480-a (2) (a) have been rendered academic. Accordingly, the appeal must be dismissed. Rivera, J.P., Dickerson, Eng and Austin, JJ., concur. **[Prior Case History: 27 Misc 3d 914.]**